# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CARA SCHAEFER WIENEKE**
Special Assistant to the State Public Defender
Wieneke Law Office, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana



FILED

Aug 14 2012, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANDREW STETLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 01A04-1201-CR-1 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Frederick A. Schurger, Judge
Cause No. 01C01-1007-FA-8

**August 14, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

Following a jury trial, Andrew Stetler was found guilty of two counts of child molesting, both Class A felonies, and admitted to being an habitual offender. He was sentenced to a total of ninety years. Stetler raises two issues for our review: whether the evidence presented was sufficient to sustain one of Stetler's convictions for child molesting, and whether Stetler's ninety-year aggregate sentence is inappropriate in light of the nature of the offenses and Stetler's character. Concluding that sufficient evidence was presented and the sentence is not inappropriate, we affirm.

Facts and Procedural History

In July of 2010, Stetler attended a campfire in nine-year-old S.G.L.'s backyard. S.G.L.'s seven-year-old friend, K.H., was also present. During the campfire, K.H. decided to walk to her home next door for a pillow, and Stetler walked with her. When Stetler and K.H. arrived at her house and were on the back porch, Stetler pulled down K.H.'s pants and underpants and licked her "private." Transcript at 377. After Stetler and K.H. returned to S.G.L's house, S.G.L. climbed onto Stetler's lap and fell asleep. S.G.L. awoke when Stetler put his hands down the front of her pants and inside her underwear, touching her "private part" with his finger. Id. at 353. Both girls reported Stetler's behavior to a neighbor. The neighbor informed the girls' parents and the parents informed the police. Both girls were taken to the Child Advocacy Center in Fort Wayne, Indiana, where the girls were questioned about Stetler touching them. They were also physically examined by a Sexual Assault Nurse Examiner. During trial, S.G.L. testified that during the examination, the nurse touched her in

2

the same location as Stetler had. The nurse testified that when she used a sterile swab on S.G.L.'s clitoral hood, which is in the interior of the female sex organ, S.G.L. confirmed she was touching her in the same location as Stetler had.

A jury found Stetler guilty of one count of Class A felony child molesting as to each K.H. and S.G.L. Stetler then admitted to being an habitual offender. The trial court sentenced him to thirty years for each conviction, with one sentence enhanced by thirty years for the habitual offender finding. The sentences were ordered to be served consecutively, for a total sentence of ninety years. Stetler now appeals.

## Discussion and Decision

### I. Sufficiency of the Evidence

### A. Standard of Review

Our standard of reviewing claims of sufficiency of the evidence is well settled: an appellate court neither judges the credibility of witnesses nor reweighs the evidence. Drane v. State, 867 N.E.2d 144, 146 (Ind. 2007). We consider only the probative evidence and reasonable inferences supporting the verdict and consider conflicting evidence most favorable to the verdict. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. Id. That is, the verdict will not be disturbed if there is sufficient evidence of probative value to support the conclusion of the trier of fact. Boyer v. State, 883 N.E.2d 158, 162 (Ind. 2008).

B.  Evidence of Penetration

Stetler challenges only the sufficiency of the evidence supporting his conviction of child molesting with respect to S.G.L.  To convict Stetler of child molesting as a Class A felony, the State was required to prove beyond a reasonable doubt that Stetler, being at least twenty-one years old, performed deviate sexual conduct on S.G.L., who was under fourteen years of age.  See Ind. Code § 35-42-4-3(a)(1).  For this purpose, "deviate sexual conduct" requires proof of an act involving a sex organ of one person and the mouth or anus of another person; or the penetration of the sex organ or anus of a person by an object.  Ind. Code § 35-31.5-2-94.[1]  The State alleged Stetler penetrated S.G.L's sex organ with his finger.

Stetler contends the evidence is insufficient to prove penetration because the "undisputed evidence" is that Stetler's finger did not penetrate S.G.L.'s sex organ.  S.G.L. testified during trial that Stetler "didn't put his finger inside my private."  Tr. at 359.  Nurse Leslie Cook, who conducted the sexual assault examination of S.G.L., testified that S.G.L. also told her that Stetler had touched her "on the outside on her skin."  Id. at 460.  However, Nurse Cook also testified that when she was examining S.G.L., she began by using a cotton swab on the external genitalia and then asked S.G.L. if she had felt Stetler's fingers "anywhere else besides from where I just swabbed."  Id. at 463.  S.G.L. indicated she had, so Nurse Cook used a second cotton swab on the internal sex organ and asked S.G.L. to tell her when she was touching what Stetler's fingers had touched.  When Nurse Cook swabbed the

---

[1]  At the time Stetler was charged and tried, deviate sexual conduct was defined at Indiana Code section 35-41-1-9.  As of July 1, 2012, the definition is found at section 35-31.5-2-94.  The substance of the definition remains the same.

4

clitoral hood, which she had previously testified is an internal feature of the female sex organ, S.G.L. indicated she had felt Stetler's fingers there. The State asked Nurse Cook if she considered S.G.L.'s indication that Stetler had touched her on the inside of her sex organ to be a "change in story" from her original statement that he touched her only on the outside. Nurse Cook replied, "That would not be a change in her story. . . . Based upon my experience, it would be the child's perception. . . . She's very clear to know what the outside part of that female structure's [sic] feel like and then the area that she indicated, she's probably not going to know and understand that the clitoral hood is an inside structure." Id. at 465. Nurse Cook confirmed that S.G.L. "clearly indicated . . . that he touched her clitoral hood[.]" Id.

Although at first blush it might appear that S.G.L.'s and Nurse Cook's testimonies were inconsistent, Nurse Cook testified that based on her experience, a child tends to have a distorted perception of the meaning of words. In our case, S.G.L. knew where Stetler touched her, but because of her youth and limited understanding, she was unable to recognize or verbalize that as an interior part of the female sex organ. Cf. Spurlock v. State, 675 N.E.2d 312, 315 (Ind. 1996) (stating that "a detailed anatomical description of penetration is unnecessary and undesirable" in part because "many people are not able to articulate the precise anatomical features that were or were not penetrated"); Short v. State, 564 N.E.2d 553, 558-59 (Ind. Ct. App. 1991) (holding that it was reasonable for the trier of fact to infer from child's testimony that defendant touched her "butt" with his "front butt" – when considered in the context of the entirety of the evidence and the child's limited vocabulary

5

regarding sex organs and sexual matters – that the defendant had touched the child's genitalia with his penis, and noting that "[a] conviction for child molesting/sexual intercourse will be sustained when it is apparent from the circumstances and the victim's limited sexual vocabulary that the victim described an act of sexual intercourse"). Nurse Cook's testimony is part of the entirety of the evidence which informs S.G.L.'s testimony.

Stetler argues that to prove the crime according to Indiana Code section 35-31.5-2-94, the State would need to show that Stetler entered, more than slightly, into S.G.L.'s female sex organ, comparing the "any penetration of the female sex organ" language defining sexual intercourse, see Ind. Code § 35-31.5-2-302, with "the penetration of the female sex organ" language defining deviate sexual conduct. Stetler posits greater proof of penetration is therefore required for deviate sexual conduct. Our supreme court has held that proof of the slightest penetration is sufficient to prove sexual intercourse. Dinger v. State, 540 N.E.2d 39, 40 (Ind. 1989). Whether greater penetration is required to prove deviate sexual conduct is not something we need to decide because S.G.L. confirmed that Stetler touched her on the clitoral hood, which Nurse Cook explained is an internal structure of the female sex organ. The evidence as a whole supports the jury's finding that Stetler penetrated S.G.L.'s female sex organ and therefore supports his conviction of Class A felony child molesting.

II. Inappropriate Sentence

A. Standard of Review

We may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense

and the character of the offender. <u>See</u> Ind. Appellate Rule 7(B). When examining the nature of the offense and the character of the offender, we may look to any factors appearing in the record. <u>Spitler v. State</u>, 908 N.E.2d 694, 696 (Ind. Ct. App. 2009), <u>trans denied</u>. The burden is on the defendant to demonstrate that his sentence is inappropriate. <u>Childress v. State</u>, 848 N.E.2d 1073, 1080 (Ind. 2006).

## B.  Ninety-Year Sentence

Stetler was sentenced to consecutive thirty-year sentences for each Class A felony child molestating conviction with a thirty-year habitual offender enhancement on count one for an aggregate sentence of ninety years. The sentencing range for a Class A felony is twenty to fifty years imprisonment, with an advisory sentence of thirty years imprisonment. <u>See</u> Ind. Code § 35-50-2-4. In addition, because Stetler was convicted of child molesting involving deviate sexual conduct with a victim less than twelve years of age, he is classified as a credit restricted felon, <u>see</u> Ind. Code § 35-31.5-2-72, and is therefore assigned to credit time Class IV, <u>see</u> Ind. Code § 35-50-6-4(b), earning one day of credit time for every six days he is imprisoned, <u>see</u> Ind. Code § 35-50-6-3(d).

Concerning the nature of the offense, Stetler took advantage of two young girls, aged nine and seven, in their own homes. Stetler was a friend of S.G.L.'s family. S.G.L. testified that she experienced burning when she went to the bathroom after Stetler touched her. Concerning the nature of Stetler's character, he had a prior child molesting conviction in 2003. He violated his probation on that conviction by failing to register as a sex offender and was re-incarcerated. He was released just two months prior to committing these offenses and

7

was still on parole. His criminal history also includes a juvenile disposition for which he was initially placed on probation, but ultimately committed to a secure facility. As an adult, Stetler has convictions for operating a vehicle without a license or proof of financial responsibility; dealing in marijuana; possession of cocaine; and check deception. He has violated his probation on several occasions. Stetler has not responded well to prior attempts at rehabilitation.

Stetler contends that although his offenses and his character may warrant the advisory sentence, they do not warrant consecutive sentences. Stetler first points out that the incidents were isolated and he did not threaten the girls, use force in molesting them, or cause them any physical injury, citing in support Sanchez v. State, 938 N.E.2d 720 (Ind. 2010). In Sanchez, the defendant was convicted of three counts of Class A felony child molesting against two victims. He was sentenced to forty years for each count, with the two sentences relating to one victim to be served concurrently, but the third to be served consecutively, for an aggregate sentence of eighty years. On appeal, our supreme court held the enhanced and consecutive sentences were inappropriate, upon noting that the defendant did not use significant force or cause injury to his victims, that the record suggests the molestations were isolated incidents, and that his criminal record is neither extensive nor related to these offenses. Id. at 722. The sentence was revised to forty years in the aggregate. Id. at 723. Unlike Sanchez, however, Stetler did not receive enhanced and consecutive sentences, he received only consecutive sentences. And although, like Sanchez, there is no evidence of significant force or harm to the girls, Stetler's criminal record is extensive and includes a

prior molestation conviction, which does not support the inference that these crimes were isolated incidents. In general, when a defendant commits the same offense against two victims, enhanced and consecutive sentences are justified. Serino v. State, 798 N.E.2d 852, 857 (Ind. 2003). Stetler also points out that his prior child molesting conviction was nearly eight years prior to these convictions and was a predicate offense for the habitual offender enhancement. However, he spent most of those eight years in prison, and the sentences were not ordered consecutive solely because of the prior convictions that support the habitual offender determination. His criminal history includes several other offenses, and he committed these crimes while on parole.

Stetler also contends that the fact he is a credit-restricted felon and thus required to serve eighty-five percent of his total sentence should be taken into account. In Sharp v. State, 2012 WL 2401637 (Ind., June 26, 2012), our supreme court held that credit time status may be considered by appellate courts exercising their review and revise authority because "our concern is whether the totality of the penal consequences imposed by the trial court was appropriate." Id. at *1-2. As noted above, Stetler is a credit restricted felon and thus will be required to serve at least seventy-five years of his sentence.

Considering the nature of Stetler's offenses, the nature of his character, and the totality of the penal consequences imposed by the trial court, we cannot say Stetler has met his burden of demonstrating his sentence is inappropriate. As the trial court noted, Stetler took advantage of an opportunity with two young girls to commit two separate and distinct offenses, he has a prior conviction for the same crime, multiple previous attempts at

rehabilitation have failed, and he was released on parole for his prior molestation conviction only two months before committing these crimes. These facts convince us that the nature of Stetler's offenses and his character do not warrant reduction of the sentence imposed.

## Conclusion

Sufficient evidence was presented to sustain Stetler's conviction for child molesting. Stetler's ninety-year aggregate sentence is not inappropriate. His conviction and sentence are therefore affirmed.

Affirmed.

BAILEY, J., and MATHIAS, J., concur.