**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**WILLIAM VAN DER POL, JR.**
Martinsville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RUBEN MANCILLAS, JR.,      )
          )
    Appellant-Defendant,     )
          )
       vs.          )     No. 55A04-1208-CR-444
          )
STATE OF INDIANA,       )
          )
    Appellee-Plaintiff.      )

APPEAL FROM THE MORGAN SUPERIOR COURT
The Honorable Jane Spencer Craney, Judge
Cause No. 55D03-1202-FC-303

**September 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Ruben Mancillas Jr. appeals his sentence for two counts of Class D felony resisting law enforcement with a motor vehicle, two counts of Class B misdemeanor failure to stop at an accident resulting in damage to a vehicle, one count of Class A misdemeanor operating a vehicle while intoxicated, and being a habitual offender. Finding no abuse of discretion in the trial court's sentence and that Mancillas' aggregate seven-and-a-half-year sentence is not inappropriate in light of the nature of the offenses and his character, we affirm.

## Facts and Procedural History[1]

On February 25, 2012, Mancillas went to his ex-girlfriend's house in Martinsville, Indiana, and smoked "spice," a type of synthetic marijuana. Tr. p. 24. After taking the drug, Mancillas left in his car. He struck a car owned by Donna Richardson. When Richardson pulled over, Mancillas sped by her and did not stop.

Martinsville Police Department officers were later informed of the car's location and began to chase Mancillas. He failed to stop, leading the police on a high-speed chase through the city of Martinsville. During the chase, Mancillas struck a second car owned by Beth Spina. Mancillas fled on foot and was chased by police until finally apprehended.

The State charged Mancillas with eleven counts and also alleged that he was a habitual offender. In May 2012, the State and Mancillas entered into a plea agreement. Appellant's App. p. 42. In the plea agreement, Mancillas agreed to plead guilty to two

---

[1] Because the factual basis for Mancillas' plea is not very extensive, we glean some facts from the probable-cause affidavit, as do the parties in this case.

counts of Class D felony resisting law enforcement with a motor vehicle, two counts of Class B misdemeanor failure to stop at an accident resulting in damage to a vehicle, one count of Class A misdemeanor operating a vehicle while intoxicated, and being a habitual offender. *Id.* According to the agreement, all counts except the habitual-offender count were to be served concurrently, with a maximum possible sentence of seven-and-a-half years in prison. *Id.*

At sentencing, the trial court identified two mitigators: (1) Mancillas was twenty-two years old at the time of sentencing and (2) incarceration would have an undue hardship on Mancillas' dependent child. The court also identified three aggravators: (1) Mancillas has a criminal and delinquent record for the past eleven years; (2) he has violated the conditions of probation and parole multiple times; and (3) the level of danger involved in this incident. The trial court sentenced Mancillas to three years for each count of Class D felony resisting law enforcement, one year for Class A misdemeanor operating a vehicle while intoxicated, and 180 days for each count of Class B misdemeanor failure to stop at an accident. *Id.* at 32. The court also sentenced Mancillas to four-and-a-half years for being a habitual offender,[2] for an aggregate sentence of seven-and-one-half years. *Id.* at 34.

Mancillas now appeals his sentence.

### Discussion and Decision

Mancillas raises two issues on appeal. First, he contends that the trial court abused its discretion by failing to consider his mental illness as a mitigating circumstance.

---

[2] The trial court should have enhanced his Class D felony sentence rather than enter it separately, *see* Appellant's App. p. 33, but this error was harmless in this case. *See, e.g.*, *Howard v. State*, 873 N.E.2d 685, 689 (Ind. Ct. App. 2007).

3

Second, he contends that his seven-and-a-half-year sentence is inappropriate in light of the nature of the offenses and his character.

## I. Abuse of Discretion

Mancillas contends that the trial court abused its discretion by not considering his mental illness as a mitigator.[3] Sentencing decisions are within the sound discretion of the trial court and are reviewed on appeal only for abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). As long as the sentence is within the statutory range, it is only reviewable for abuse of discretion. *Id.* An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (citing *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

Mancillas argues that the trial court abused its discretion by failing to consider as a mitigator that he was diagnosed with Major Depressive Effective Disorder in 2007 while he was in the Department of Correction (DOC). Tr. p. 30; Appellant's Am. Supplemental App. p. 11. The trial court does not have to accept the defendant's arguments as to what the mitigating factors are. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007), *trans. denied*. A defendant is required to establish that the mitigating evidence is both significant and clearly supported by the record when alleging that the court failed to

---

[3] Mancillas also contends that the trial court erred by failing to articulate its weighing of aggravating and mitigating circumstances. It is well settled that we do not review the weight given to an aggravator or mitigator on appeal. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007) ("Because the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors."), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

identify or find a mitigating factor. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999). Additionally, if the trial court fails to recognize the existence of a mitigating factor after it has been argued by counsel, then the trial court is under no obligation to explain why it has found that the factor does not exist. *Anglemyer*, 868 N.E.2d at 493.

A defendant's mental illness may be a valid mitigating circumstance. *See id.* The following considerations are relevant when the trial court determines the significance of a defendant's mental illness for sentencing: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Ankney v. State*, 825 N.E.2d 965, 973 (Ind. Ct. App. 2005) (citing *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998)), *trans. denied*.

Here, the court specifically addressed Mancillas' mental illness at sentencing. The record shows he was diagnosed with Major Depressive Effective Disorder in 2007 while in the DOC's custody. Defense counsel argued for Mancillas' mental illness to be considered a mitigator. The trial court, however, declined to find his mental illness as a mitigator because it found that he failed to take his medicine. Tr. p. 31. In other words, he had the ability to control his illness through medication, but did not. Moreover, the record shows that Mancillas' mental illness did not limit his functioning in society. Mancillas admitted that he had been doing well during the five months before he was arrested. He was living with his family, taking care of his son, and attending college.

5

The court did not overlook Mancillas' mental illness, but rather carefully considered it and decided it did not amount to a significant mitigator in this case. The trial court did not abuse its discretion in failing to identify his mental illness as a mitigator.

## II. Appropriateness

Mancillas also contends that his seven-and-a-half-year sentence is inappropriate in light of the nature of the offenses and his character.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer*, 868 N.E.2d at 491). When assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Stetler v. State*, 972 N.E.2d 404, 408 (Ind. Ct. App. 2012), *trans. denied*. The defendant has the burden of persuading us that his sentence is inappropriate. *Reid*, 876 N.E.2d at 1116 (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—

6

the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224. In assessing whether a sentence is inappropriate, appellate courts may take into account whether a portion of the sentence is ordered suspended or is otherwise crafted using any of the variety of sentencing tools available to the trial judge. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). These tools include probation, home detention, placement in a community corrections program, executed time in a DOC facility, concurrent rather than consecutive sentences, and restitution/fines. *Id.*

A person who commits a Class D felony shall be imprisoned for a term of between six months and three years, with one-and-a-half years being the advisory term. Ind. Code § 35-50-2-7(a). A person who commits a Class B misdemeanor may only be imprisoned for a maximum of 180 days. There is no advisory term for this offense. Ind. Code § 35-50-3-3. A person who commits a Class A misdemeanor shall be imprisoned for a term of not more than one year. There is no advisory term for this offense. Ind. Code § 35-50-3-2.

Mancillas also pled guilty to being a habitual offender. A person found to be a habitual offender will be sentenced to "an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense." Ind. Code § 35-50-2-8(h).

Here, the trial court sentenced Mancillas to three years for each Class D felony conviction, 180 days for his Class B misdemeanor conviction, and one year for his Class A misdemeanor conviction and ordered the sentences to be served concurrently. This is within the statutory range. For being a habitual offender, the court sentenced Mancillas to four-and-a-half years, which is exactly three times the advisory sentence of a Class D felony. The aggregate term is seven-and-a-half years, which is within statutory guidelines.

Mancillas' actions were a danger to both himself and the community. Tr. p. 16. Mancillas smoked spice and became intoxicated. He then drove his car, striking two separate vehicles and failing to stop. Moreover, several police officers in fully marked cars with their lights on chased Mancillas through the streets of Martinsville before he was finally apprehended.

Regarding Mancillas' character, we acknowledge that he entered a plea agreement with the State and has been diagnosed with a mental illness. However, he has a growing criminal history. As a juvenile, Mancillas had several adjudications for offenses that would be felonies if committed by an adult, including two theft adjudications and an adjudication for residential entry. *Id.* at 28; Appellant's Am. Supplemental App. p. 6. As an adult, Mancillas has already accumulated two felonies: Class C felony burglary and Class D domestic battery. Tr. p. 7. Mancillas has also violated probation at least twice. Appellant's Am. Supplemental App. p. 5-7.

Mancillas also has a record of significant jail procedure violations. The trial court noted that his were the "most violations of jail procedures I've ever seen in a presentence" and that his record was "atrocious." Tr. p. 33.

Mancillas has a considerable history with drugs and alcohol that started when he was a child. He began smoking marijuana at the age of ten. Appellant's Am. Supplemental App. p. 6. From age ten until age twenty-one, he smoked marijuana as much as three or four times per week. Mancillas began drinking alcohol at age twelve and has used methamphetamine since the age of fourteen or fifteen. He has experimented with other drugs as well. *Id.* at 11.

Given the nature of these offenses and Mancillas' character, Mancillas has failed to persuade us that his aggregate seven-and-a-half-year sentence is inappropriate. We therefore affirm the trial court.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.