**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARK I. COX**
The Mark I. Cox Law Office, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHAD MALONE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 89A01-1302-CR-71 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WAYNE CIRCUIT COURT
The Honorable David A. Kolger, Judge
Cause No. 89C01-1109-FA-24

**October 29, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Chad Malone was convicted of two counts of Class A felony attempted murder. He now appeals, arguing that the trial court erred in denying his request for a seventh continuance just before trial. Malone also argues that his seventy-five-year sentence is inappropriate in light of the nature of the offenses and his character. We conclude that the trial court did not err in denying Malone's request for a seventh continuance and Malone's sentence is not inappropriate. We affirm.

**Facts and Procedural History**

One afternoon in September 2011, Valerie Grubbs had a disagreement with Carey Parkhurst and Corey Groce. Valerie told Malone about it, and they drove around looking for Carey and Corey. They found the pair sitting in a gray sedan in the drive-through lane of a nearby McDonald's in Richmond. As Valerie pulled her car alongside the sedan, Malone pulled out a gun and fired six shots at Carey and Corey. Valerie and Malone fled the scene.

Carey and Corey were treated for gunshot wounds at a local hospital. Carey had been shot in the chest and right arm. Corey had also been shot in the arm. Corey's wounds required surgery in which veins from his leg were used to repair veins in his arm. Both eventually recovered, though Corey has numbness in his arm and limited use of his hand.

The State charged Malone with two counts of Class A felony attempted murder. Malone was represented by a series of attorneys from the local public defender's office. The first two public defenders represented Malone until their departure from the office.

2

The third public defender was assigned to Malone's case in March 2012. In their preparations, the three attorneys were granted a total of six continuances.[1] *See* Appellant's App. p. 98.

In November 2012, two weeks before Malone's jury trial, a new attorney unexpectedly entered his appearance on Malone's behalf. *Id.* at 89. The attorney requested a seventh continuance, stating that Malone's family had recently acquired funds to hire private counsel. *Id.* at 90. The trial court denied the request for a seventh continuance.

After a three-day trial, a jury found Malone guilty on both counts. The trial court sentenced Malone to thirty-five years on Count I and forty years on Count II, to be served consecutively, for a total executed sentence of seventy-five years.

Malone now appeals.

### Discussion and Decision

Malone makes two arguments on appeal: (1) the trial court erred in denying his request for a seventh continuance and (2) his sentence is inappropriate in light of the nature of the offenses and his character.

### I. Continuance

Malone argues that the trial court erred in denying his motion for a seventh continuance. Determining whether to grant a continuance for a motion that is not based on statutory grounds is within the discretion of the trial court. *Evans v. State*, 855 N.E.2d 378, 386 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied.* We will not reverse the trial

---

[1] An additional continuance was required in December 2011 due to court-calendar congestion. *See* Appellant's App. p. 3 (CCS).

court's decision unless there is a clear showing that the trial court has abused its discretion and that the defendant has been prejudiced by the denial. *Id.*

Malone sought a seventh continuance in November 2012, just two weeks before his jury trial, because he wished to be represented by private counsel rather than a public defender. The Sixth Amendment guarantees a criminal defendant's right "to have the assistance of counsel for his defense." *Lewis v. State*, 730 N.E.2d 686, 689 (Ind. 2000). A corollary of this right is the right to choose counsel when a defendant has the financial means to do so. *See id.* (citations omitted). But the right to counsel of choice is not absolute—it must be exercised at the appropriate stage of the proceeding. *Id.* (citations omitted). "Continuances sought shortly before trial to hire a new attorney are disfavored because they cause substantial loss of time for jurors, lawyers, and the court." *Id.*

Here, Malone was granted six continuances. He sought a seventh because he preferred to have private counsel, rather than his public defender, represent him at trial. But the charges against him had been pending for fourteen months, and trial was two weeks away. And there is no indication that private counsel did not receive all of previous counsels' material—counsel filed no motions to that effect. Furthermore, Malone fails to explain how he was prejudiced by the denial of his motion for a continuance. While Malone argues that private counsel "may have" been able to conduct additional discovery, this is merely speculation. We find no error here.[2]

---

[2] Malone also argues that the trial court should have advised him that if he hired a new attorney, the court would not grant a continuance to allow the new attorney time to get up to speed. Appellant's Br. p. 10. He cites *Robinson v. State*, 724 N.E.2d 628 (Ind. 2000), as support for his claim. We do not read *Robinson* to require such an advisement. Even so, it is not clear how the trial court could have advised Malone about future continuances because it does not appear that Malone gave any warning that he planned to hire a new attorney.

## II. Sentence

Malone also contends that his seventy-five-year sentence is inappropriate in light of the nature of the offenses and his character.

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). When assessing the nature of the offense and the character of the offender, we may look to any factors appearing in the record. *Stetler v. State*, 972 N.E.2d 404, 408 (Ind. Ct. App. 2012), *trans. denied*. The defendant has the burden of persuading us that his sentence is inappropriate. *Reid*, 876 N.E.2d at 1116 (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest— the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the

crime, the damage done to others, and a myriad of other factors that come to light in a given case. *Id.* at 1224.

Malone was convicted of two counts of Class A felony attempted murder. The sentencing range for a Class A felony is twenty to fifty years, with thirty years being the advisory term. Ind. Code § 35-50-2-4. The trial court sentenced Malone to thirty-five years on Count I and forty years on Count II, to be served consecutively. Both sentences are within the statutory range.

Regarding the nature of the offenses, there is nothing in the record that indicates that Malone's sentences are inappropriate. Malone tracked his victims to a local McDonald's—where children were playing nearby—and shot them numerous times at close range while they were waiting in the drive-through line. The nature of the offenses is serious.

Regarding Malone's character, he has a juvenile history that includes arrests for offenses that would be felonies if committed by an adult, including burglary and sexual battery.[3] His criminal history includes misdemeanor convictions for theft and possession of marijuana. Just before he committed the instant offenses, Malone was arrested and charged with Class D felony criminal recklessness for firing a gun inside Valerie's home. After that incident, Valerie obtained a protective order against Malone, which Malone disregarded. And Malone was released on bond when his violence escalated—he obtained a new gun illegally and shot Carey and Corey. Malone later explained that he

---

[3] The trial court was careful to identify these as arrests because "there's [no] kind of disposition available" in the presentence investigation report. Tr. p. 857. "When evaluating the character of an offender, a trial court may consider the offender's arrest record in addition to actual convictions." *Johnson v. State*, 837 N.E.2d 209, 218 (Ind. Ct. App. 2005), *trans. denied.*

6

got the gun to protect himself because he was a marijuana dealer who made $14,000 a month. Since he has been incarcerated, Malone has been written up for intimidation and other violations. Tr. p. 818. Although Malone argues that he is still young and can be rehabilitated, he acknowledged that he received second chances in the past, *id.* at 799, and he has since demonstrated that he has no regard for the rule of law. His character does not warrant reducing his sentence.

After due consideration, we cannot say that Malone's sentence is inappropriate in light of the nature of the offenses and his character.

Affirmed.

BAKER J., and FRIEDLANDER, J., concur.