Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 17 2014, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY RAY SHANKS, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A04-1406-CR-262 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1206-FA-13

**October 17, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Jeffrey Ray Shanks, Sr. pled guilty to child molesting, a Class C felony, and was sentenced to seven years in the Indiana Department of Correction ("DOC"). He raises one issue for our review: whether his seven-year sentence is inappropriate in light of the nature of the offense and character of the offender. Concluding that Shanks' sentence is not inappropriate, we affirm.

## Facts and Procedural History

Shanks is D.C.'s uncle. Between March 1, 2000 and January 13, 2003, D.C. and Shanks, among other family members, lived in a home located in Griffith, Indiana. During this period of time, D.C. was between six and nine years old. Shanks was between forty-one and forty-four years old. On several occasions, Shanks knowingly and intentionally fondled and touched D.C. around her breast and genital areas to arouse or satisfy his sexual desires. As a result, D.C. suffered from depression and post-traumatic stress disorder, which required therapy. Once a straight A student, D.C. eventually began failing and dropped out of school.

The State charged Shanks with child molesting as a Class A felony and child molesting as a Class C felony. In exchange for the dismissal of the Class A felony, Shanks pled guilty to the Class C felony at a hearing on March 26, 2014. The plea agreement provided that "[t]he parties agree that they are free to fully argue their respective positions as to the sentence to be imposed by the court," Appellant's Appendix at 34-35, and at the conclusion of the plea hearing, the trial court took the matter under advisement and ordered a pre-sentence investigation report ("PSI"). On May 7, 2014 the trial court accepted the

plea agreement and sentenced Shanks to seven years in the DOC. He now appeals his sentence.

## Discussion and Decision

### I. Standard of Review

Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences. See Childress v. State, 848 N.E.2d 1073, 1079-1080 (Ind. 2006). We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). This court's inquiry under Appellate Rule 7(B) is a discretionary exercise of our judgment not unlike the trial court's discretionary sentencing determination. Knapp v. State, 9 N.E.3d 1274, 1291-92 (Ind. 2014). We nevertheless exercise deference to the trial court's decision, both because the rule requires "due consideration" and because we recognize the trial court's unique perspective. Garner v. State, 7 N.E.3d 1012, 1014-15 (Ind. Ct. App. 2014). In determining whether a sentence is inappropriate, we may look to any factors appearing in the record. Stetler v. State, 972 N.E.2d 404, 408 (Ind. Ct. App. 2012), trans. denied. Our decision usually "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008). "The burden is on the defendant to persuade the appellate court that his sentence is inappropriate." Conley v. State, 972 N.E.2d 864, 876 (Ind. 2012).

## II. Shanks' Sentence

Shanks pled guilty to child molesting under Indiana Code section 35-42-4-3(b), which states:

> A person who, with a child under fourteen (14) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits child molesting, a Class C felony.

Ind. Code § 35-42-4-3(b) (2003). A trial court's authority for sentencing a person who commits a Class C felony is found in Indiana Code section 35-50-2-6. In part, it states:

> A person who commits a Class C felony shall be imprisoned for a fixed term of four (4) years, with not more than four (4) years added for aggravating circumstances or not more than two (2) years subtracted for mitigating circumstances. In addition, he may be fined not more than ten thousand dollars ($10,000).

Ind. Code § 35-50-2-6(a) (2003).

Shanks argues that his seven year sentence is inappropriate in light of the nature of his offense and his character as laid out in Appellate Rule 7(B), because he was fifty-five years old with no prior criminal history at the time of sentencing; he is uneducated and grew up with a poor home environment; and he pled guilty to the crime.[1]

Our review of the nature of the offense reveals that Shanks molested his own niece for three years. During this time, D.C. was between six and nine years old. D.C. should have been able to trust Shanks, but instead, Shanks laid D.C. across his lap, slapping her

---

[1] The State included information from the probable cause affidavit in its Statement of Facts and relied on it in making its argument. Shanks contends we should not do the same because a probable cause affidavit is inadmissible hearsay. While this may be true at a trial, the Evidence Rules do not apply at sentencing. Ind. Evidence Rule 101(d)(2). The affidavit was part of the PSI that was admitted at the sentencing hearing and that (with a minor change) Shanks agreed was complete and accurate. See Chupp v. State, 830 N.E.2d 119, 125 n. 12 (Ind. Ct. App. 2005).

bare butt, following it with a kiss; Shanks tickled D.C. daily; Shanks touched D.C.'s vagina with his hand and penetrated it with his fingers on at least five different occasions; Shanks got in bed with D.C.; and Shanks spooned with D.C. This three year period of torment caused D.C. to suffer from depression and post-traumatic stress disorder. She required therapy. And once a straight A student, D.C. eventually began failing and had to drop out of school. These facts warrant serious penal consequences. See Sharp v. State, 970 N.E.2d 647, 651 (Ind. 2012) (holding that a defendant who molested step-son on multiple occasions over a period of years was in a position of care, and therefore, serious penal consequences were warranted). Thus, the nature of Shanks' offense, alone, justifies his seven-year sentence.

Our review of Shanks' character reveals that he was fifty-five years old with no prior criminal history at the time of sentencing; he is uneducated and grew up in a poor home environment; and he pled guilty to the crime. Although a lack of criminal history is generally a mitigating factor, Cloum v. State, 779 N.E.2d 84, 91 (Ind. Ct. App. 2002), these facts show that Shanks has not been living a law abiding life. We also note that, although Shanks had a difficult home environment, sorry circumstances do not justify wrong actions, and at the age of fifty-five, he should have known the difference between right and wrong. Shanks did plead guilty to the Class C felony saving time and expense to the State and saving D.C. from having to testify. However, that plea provided him with a substantial benefit by avoiding a possible conviction of the Class A felony. See Ind. Code § 35-50-2-4 (2003) (Class A felony carries a minimum sentence of twenty years); see Brown v. State, 907 N.E.2d 591, 594 (Ind. Ct. App. 2009) (if a guilty plea is merely a pragmatic decision,

it will have little mitigating effect).  Accordingly, Shanks has not persuaded us that his sentence is inappropriate.  See Conley, 972 N.E.2d at 876.

Conclusion

Shanks' seven-year sentence is not inappropriate considering the nature of his offense and his character. The sentence is affirmed.

Affirmed.

BAKER, J., and KIRSCH, J., concur.