# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 07 2016, 10:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Charles L. Larson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

April 7, 2016

Court of Appeals Case No.
92A04-1510-CR-1648

Appeal from the Whitley Circuit Court

The Honorable James R. Heuer, Judge

Trial Court Cause No.
92C01-1501-F4-08

**Bailey, Judge.**

# Case Summary

[1] Charles L. Larson ("Larson") pled guilty to two counts of Child Molesting, as Level 4 felonies;[1] ten counts of Child Exploitation, as Level 5 felonies;[2] and ten counts of Possession of Child Pornography, as Level 6 felonies.[3] After a bench trial, Larson was also convicted of two counts of Child Molesting, as Level 1 felonies.[4] He now appeals his convictions for the two counts of Child Molesting as Level 1 felonies, raising for our review the sufficiency of the evidence.

[2] We affirm.

# Facts and Procedural History

[3] Larson was born in 1970. Larson eventually married, and became step-grandfather to three girls, K.C., A.C., and E.H. All three girls were, at the time of the relevant events, under the age of fourteen, and Larson was greater than twenty one years old.

[4] For several years, the three girls would occasionally spend the night at Larson's home in Columbia City. On numerous such occasions, while the girls were

---

[1] Ind. Code § 35-42-4-3(b).

[2] I.C. § 35-42-4-4(b)(3).

[3] I.C. § 35-42-4-4(c).

[4] I.C. § 35-42-4-3(a)(1).

asleep, Larson would pull down or aside their pants and underwear and take photographs of their bare buttocks and genitalia. On some of these occasions, Larson would also use his finger or penis to rub along and between E.H.'s and A.C.'s buttocks and labia, and would also sometimes use his finger to rub E.H.'s and A.C.'s clitorises. The children did not wake up during these events.

[5] On December 19, 2014, during an investigation of individuals sharing child pornography on the Internet, Indiana State Police Sergeant Christopher Cecil ("Sergeant Cecil") traced images suspected to be child pornography to Columbia City. Further investigation identified Larson's home as the source of the images.

[6] Sergeant Cecil, along with Indiana State Police Detective Christopher Toney ("Detective Toney"), obtained a search warrant for Larson's home and his computers. On January 23, 2015, Sergeant Cecil and Detective Toney served the search warrant. A search of Larson's computer uncovered numerous photographs of the naked buttocks and genitals of the three girls, often with Larson's hand visible in the photograph. A number of other pornographic images of children or adults were also found. On some photographs, one of the three girls' faces had been superimposed over the face of an adult female engaged in sexual activity.

[7] Also on January 23, 2015, Sergeant Cecil and Detective Toney interviewed Larson. During the interview, Larson admitted to taking the photographs and to exposing and touching the three girls while they were sleeping. During this

interview, Larson agreed to a polygraph examination, which was conducted by Indiana State Police Sergeant Matthew Collins ("Sergeant Collins"). Prior to that examination, Sergeant Collins also interviewed Larson. Larson again admitted to photographing and touching the three girls.

[8] On January 23, 2015, Larson was charged with three counts of Child Molesting, as Level 4 felonies; ten counts of Child Exploitation, as Level 5 felonies; and ten counts of Possession of Child Pornography, as Level 6 felonies. On April 6, 2015, the State amended the charging information to add two counts of Child Molesting, as Level 1 felonies. On July 27, 2015, the State moved to dismiss one count of Child Molesting, as a Level 4 felony. That charge was dismissed on August 5, 2015.

[9] Also on August 5, 2015, Larson pled guilty, without a plea agreement, to all of the counts against him except for the two counts of Child Molesting, as Level 1 felonies. The trial court accepted Larson's plea, and proceeded to conduct a bench trial on the two remaining charges. At the conclusion of the bench trial, the court took the matter under advisement.

[10] On August 14, 2015, the trial court found Larson guilty of the two counts of Child Molesting, as Level 1 felonies, and entered judgment against him. On September 8, 2015, Larson was sentenced to an aggregate term of imprisonment of sixty-three years, with three years suspended to probation.

[11] This appeal ensued.

# Discussion and Decision

[12] Larson appeals his convictions, contending that there was insufficient evidence of penetration. Our standard of review in such cases is well-settled.

> This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028-29.

*Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

[13] Larson was convicted of two counts of Child Molesting, as Level 1 felonies. To convict Larson, as charged, the State was required to prove beyond a reasonable doubt that Larson knowingly or intentionally performed or submitted to "other sexual conduct" with A.C. and E.H. I.C. § 35-42-4-3(a)(1); App'x 38-39. "Other sexual conduct" is defined by the Indiana Code to mean "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." I.C. § 35-31.5-2-221.5. On appeal, Larson contends that there was insufficient evidence that he penetrated A.C.'s and E.H.'s sex organs.

[14] Our review of the evidence discloses that during trial, the State admitted into evidence without objection from Larson the video recordings of the interviews conducted with Larson by Indiana State Police investigators. In each interview,

Larson admitted to having, on numerous occasions, rubbed his penis or finger on A.C.'s and E.H.'s clitorises and labia. Though Larson stated he was careful not to attempt penetration of the girls' vaginas, he said that he couldn't be sure whether he penetrated the labia. However, in the second of these interviews, conducted by Sergeant Collins, Larson stated, "Well, if you're talking about the lips here to where the clitoris is like underneath a little bit…then, yes, it would have went through there." (Tr. at 133-34.) Larson immediately clarified, "[n]ot my penis." (Tr. at 134.)

[15] Also testifying at trial was a sexual assault nurse examiner, Leslie Cook ("Cook"). Upon direct examination, the State asked Cook whether, in light of her training and experience, Larson's touching was "inside or outside the female sex organ." (Tr. at 152.) Over Larson's objection, the trial court admitted Cook's testimony that Larson had touched E.H. and A.C. inside their sex organs. This Court has previously held that evidence of "greater penetration" is not required to sustain a conviction for similar acts, concluding that testimony from a nurse that touching someone on the "clitoral hood…and internal structure of the female sex organ," is sufficient. *Stetler v. State*, 972 N.E.2d 404, 407-08 (Ind. Ct. App. 2012), *trans. denied*. To the extent Larson argues otherwise, based solely upon evidence favorable to his position and not the judgment, he requests that we reweigh evidence, which we cannot do.

[16] We accordingly conclude that there was sufficient evidence from which the trial court could conclude that Larson committed Child Molesting, as Level 1 felonies, as charged.

[17] Affirmed.

Bradford, J., and Altice, J., concur.