## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 18 2018, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Curtis Boggs, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | June 18, 2018 <br><br> Court of Appeals Case No. 15A01-1708-CR-1778 <br><br> Appeal from the Dearborn Circuit Court <br><br> The Honorable James D. Humphrey, Judge <br><br> Trial Court Cause No. 15C01-1603-F1-007 |

**Vaidik, Chief Judge.**

# Case Summary

Curtis Boggs was convicted of eight counts of sexual misconduct with a minor and four counts of child molesting and was sentenced to sixty-three years in prison. He appeals two of his child-molesting convictions and his sentence. We reverse one of the convictions and remand for a slight adjustment of the sentence but affirm in all other respects.

# Facts and Procedural History

Between July 2014 and June 2015, during most of which Boggs was fifty years old, he sexually abused a group of seven teenage girls—a niece who was living with him, and six of her friends. Boggs gave the girls alcohol, cigarettes, and marijuana in exchange for "payments" in the form of sexual favors, often "paid" while the girls were gathered together in each other's presence.

In June 2017, a jury found Boggs guilty on eight counts of sexual misconduct with a minor (the crime when the victim is fourteen or fifteen, *see* Ind. Code § 35-42-4-9) and four counts of child molesting (the crime when the victim is younger than fourteen, *see* Ind. Code § 35-42-4-3). The trial court imposed seven consecutive sentences totaling sixty-three years for the most serious crime against each of the seven victims: thirty years for Level 1 felony child molesting of S.H.; six years for Level 4 felony sexual misconduct with T.M. (the niece who was living with Boggs); six years for Level 4 felony sexual misconduct with O.S.; six years for Level 4 felony sexual misconduct with K.E.; six years for

Level 4 felony child molesting of K.R.; six years for Level 4 felony child molesting of M.W.; and three years for Level 5 felony sexual misconduct with G.B. The court ordered the sentences for the less serious crimes against five of the victims—six years for Level 4 felony child molesting of S.H. and three years each for Level 5 felony sexual misconduct with T.M., O.S., K.E., and K.R.—to run concurrently with the sixty-three-year sentence.

[4]     Boggs now appeals.

# Discussion and Decision

## I. Sufficiency of the Evidence

[5]     We begin with Boggs's contention that the State did not present sufficient evidence to support two of his four child-molesting convictions. In reviewing the sufficiency of the evidence supporting a conviction, we consider only the probative evidence and reasonable inferences supporting the verdict. *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*. We do not reweigh the evidence or assess witness credibility. *Id.* We consider conflicting evidence most favorably to the verdict. *Id.* We will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.*

[6] Boggs first challenges his conviction for Level 1 felony child molesting of S.H., which arose from the State's allegation that Boggs engaged in "other sexual conduct" with S.H. when she was thirteen. Indiana Code section 35-31.5-2-221.5 defines "other sexual conduct" as "an act involving: (1) a sex organ of one (1) person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." The first clause is inapplicable in this case, and Boggs argues that the State failed to prove under the second clause that he penetrated S.H.'s sex organ or anus with an object. He acknowledges that S.H. testified that Boggs placed his finger "in the folds" of her vagina "deep enough" that he touched her clitoris, Tr. Vol. II p. 221, but he asserts that this did not amount to "penetration" for purposes of the "other sexual conduct" statute. As the State notes, however, we held in *Stetler v. State*, 972 N.E.2d 404, 406-08 (Ind. Ct. App. 2012), *trans. denied*, that touching even just the clitoral hood is sufficient to satisfy the "penetration" requirement of the statute. In his reply brief, Boggs did not mention *Stetler*, let alone argue that it is distinguishable or that it was wrongly decided, and we will not devise such an argument for him. We affirm the conviction for Level 1 felony child molesting.

[7] Boggs also appeals his conviction for Level 4 felony child molesting of K.R. In that count, the State charged Boggs with fondling K.R. when she was thirteen. Boggs acknowledges that there is evidence that he fondled K.R. (one of his sexual-misconduct convictions was for fondling K.R., and he doesn't challenge it), but he contends that the evidence is insufficient to support the jury's conclusion that he did so before K.R.'s fourteenth birthday in December 2014.

He is right. While K.R. testified that Boggs did "inappropriate things" to her both before and after her fourteenth birthday, Tr. Vol. II p. 148, the State doesn't direct us to any evidence specifying whether the "things" Boggs was doing before K.R.'s birthday included fondling. The State emphasizes evidence that Boggs was inappropriately touching some of the **other** girls before K.R.'s fourteenth birthday, but that does not amount to proof beyond a reasonable doubt that he was also fondling **K.R.** during the same time.

[8] Therefore, we remand this matter to the trial court with instructions to vacate Boggs's conviction for Level 4 felony child molesting of K.R. and the six-year sentence that went along with it. However, because the trial court made clear its intent to impose a consecutive sentence for each of the seven victims, we also instruct the court to order Boggs's three-year sentence for Level 5 felony sexual misconduct with K.R. to take the place of the six-year sentence for Level 4 felony child molesting of K.R. in the lineup of consecutive sentences, which will result in a total sentence of sixty years.

## II. Sentence

[9] That brings us to Boggs's claim that his sentence is inappropriate. While Boggs's argument in this regard is based on the sixty-three-year sentence originally imposed by the trial court, we assume that he would have the same objection to the sixty-year sentence we just ordered, and we proceed accordingly.

[10] Indiana Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants have the burden of persuading us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

[11] Boggs has not satisfied that burden in this case. Boggs first asserts that he shouldn't have "received maximum terms of incarceration with consecutive sentencing." Appellant's Br. p. 33. But he didn't receive "maximum terms." The trial court imposed the advisory sentence for each of Boggs's convictions. And the court ordered only seven of the sentences to run consecutively—in proper recognition of the fact that Boggs abused seven different girls. *See Pittman v. State*, 885 N.E.2d 1246, 1259 (Ind. 2008) ("Consecutive sentences reflect the significance of multiple victims."). If the court had imposed maximum, consecutive sentences for all eleven convictions that remain, Boggs would be serving 130 years in prison, rather than sixty.

[12] As for whether a sentence of sixty years is inappropriate in this case, we need look no further than the trial court's superb written sentencing order, which

details the truly disturbing nature of Boggs's crimes. T.M., Boggs's niece who was living with him and through whom Boggs was able to access the other girls, was a "particularly vulnerable target" because both of her parents had recently died. Appellant's App. Vol. VII p. 87. Furthermore, Boggs "provided alcohol and marijuana to the children, not only as a reward for sexual acts, but also in order to make them more susceptible and willing to satisfy his sexual requests." *Id*. at 88. And Boggs's abuse was "particularly demeaning" because the girls "were not only subjected to the touching, flashing and other sexual behavior" but "also had to watch others and have others watch them engage in these acts." *Id*. Finally, there is no indication that Boggs had any intention of stopping his abuse—"the only thing which caused these events to cease was the initial report and defendant's arrest." *Id*. at 86.

[13] Notwithstanding all of that, Boggs maintains that he is man of good character, making much of the fact that he is a "first-time offender." Appellant's Br. pp. 32, 39. But as the trial court recognized, this was a horrendous "first offense." It was not an isolated crime against a single victim. Rather, Boggs spent nearly a year abusing seven different girls, some of them multiple times.

[14] Nothing about Boggs's offenses or his character leaves us convinced that a sixty-year sentence is inappropriate.

[15] Affirmed in part and reversed and remanded in part.

Pyle, J., and Barnes, Sr. J., concur.