ATTORNEY FOR APPELLANT
Kenneth R. Martin
Goshen, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana



In the

# Indiana Supreme Court

No. 20S04-1012-CR-692

ANDRES SANCHEZ,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Superior Court, No. 20D03-0707-FA-00044
The Honorable George W. Biddlecome, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 20A04-0912-CR-00720

**December 22, 2010**

**David, Justice.**

Andres Sanchez received consecutive enhanced sentences for three counts of Child Molesting. Based on the character of the offender and the nature of the offenses, we revise the sentences and order them to be served concurrently.

### Facts and Procedural History

Andres Sanchez was convicted of three counts of class A felony child molesting for three incidents involving his two stepdaughters. The facts most favorable to the convictions follow.

In October 2002, Sanchez married the victims' mother. Sanchez was a father figure to the girls, and they referred to him as "dad." On two separate occasions between 2006 and 2007, Sanchez took one of the victims (V1), then six-years old, from her bedroom into the living room, pulled down her pajamas, and touched her "private" area where she would "[p]ee" with his finger and rubbed it in a circular motion. Around May of 2007, Sanchez took the other victim (V2), then nine-years old, into the living room and used his hand and fingers in a back and forth motion to touch her "[f]ront butt" where she "pees." Both victims testified that Sanchez inserted his finger or fingers into their privates during these incidents.

When the victims informed their mother of the molestation, they were examined by a physician. The physician observed that both girls had incomplete hymens but no injuries, offered a diagnosis of "acute possible molestation," and concluded that the findings were consistent with their complaints.

A jury convicted Sanchez of the two counts relating to V1 and the one count relating to V2. The trial court sentenced Sanchez to forty years on each conviction, and ordered the two sentences relating to V1 to be served concurrently to each other but consecutively to the sentence relating to V2.

Sanchez appealed, contesting the convictions and arguing that the aggregate sentence was inappropriate. The Court of Appeals affirmed the trial court in an unpublished opinion. Sanchez v. State, No. 20A04-0912-CR-720, 2010 WL 2381043 (Ind. Ct. App. June 15, 2010). We grant Sanchez's petition to transfer to address the sentence claim and summarily affirm the Court of Appeals as to issues not addressed in this opinion. Ind. App. R. 58(A)(2). We will set forth additional facts as needed.

**Discussion**

When a trial court imposes a sentence, it "must enter a statement including reasonably detailed reasons or circumstances for imposing [that] particular sentence." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). The court on appeal reviews those reasons and the omission of any reasons arguably supported by the record for abuse of discretion. Id. Sanchez alleges no error in this regard. Rather, Sanchez argues that the aggregate eighty-year sentence is

2

inappropriate in light of the nature of the offenses and his character, and asks this Court to modify the sentence pursuant to Indiana Appellate Rule 7(B).

In Cardwell v. State, 895 N.E.2d 1219, 1224 (Ind. 2008), we acknowledged the difficulty in reviewing and revising sentences. "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." Id. The sentencing range for a class A felony is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4 (2004). The trial court imposed sentences of forty years—ten years longer than the advisory terms—and ordered the sentence relating to V2 to be served consecutively to the concurrent sentences relating to V1. In other words, the trial court found the aggravating circumstances justified a high sentence on each count and that two of the counts be served consecutively.

We first address the nature of Sanchez's offenses. Sanchez molested his two stepdaughters on three separate occasions. Sanchez was a father figure to the two girls, shared a home with them, and was responsible for their care and discipline. A few months before she was molested, V2 had surgery to remove a brain tumor. Further, Sanchez asked the girls not to tell anyone what happened. Sanchez's offenses are undeniably serious.

But we note that there is no evidence that Sanchez used significant force on the girls or caused any injury. See Tyler v. State, 903 N.E.2d 463, 469 (Ind. 2009) (revising an enhanced sentence in part because there was no evidence that defendant injured or used physical force on his victims). Further, the record suggests that Sanchez's offenses were isolated incidents, rather than systematic or repeated behavior. See Rivers v. State, 915 N.E.2d 141, 144 (Ind. 2009) (revising consecutive sentences to concurrent sentences where defendant molested the victim "on two occasions (charged as three) in a relatively short period of time, then stopped on his own accord, and did not commit any other offenses in the seven years that passed until he was charged"); Harris v. State, 897 N.E.2d 927, 930 (Ind. 2008) (finding defendant's ongoing molestation of victim coupled with his position of trust sufficiently aggravating to justify enhanced sentences).

We make the following observations as to Sanchez's character. There are some issues as to Sanchez's identity and background—Sanchez uses at least one other name in his life and

3

misrepresented his birthday to the trial court. Sanchez claimed that he became a naturalized United States citizen, but FBI records indicate that he is in the country illegally.

Immigration issues aside, Sanchez does not have an extensive criminal record. Sanchez has four unrelated prior arrests, one for reckless driving and three for operating while intoxicated ("OWI"), resulting in a speeding finding and a OWI conviction, class A misdemeanor. At the time of sentencing, Sanchez had pending charges of OWI with prior OWI within five years, class D felony, and false informing, class B misdemeanor. None of these offenses were related to the charged molestations. See Monroe v. State, 886 N.E.2d 578, 580 (Ind. 2008) (finding "six driving related misdemeanor offenses" unconnected to the charged molestations was "not substantial" and did not justify consecutive sentences).

We acknowledge that, generally, multiple victims justify the imposition of enhanced and consecutive sentences. Tyler, 903 N.E. at 468; Serino v. State, 798 N.E.2d 852, 857 (Ind. 2003). But although we find the aggravating circumstances sufficient to warrant imposing enhanced sentences, we do not believe the record supports imposing consecutive sentences. That Sanchez molested two young victims, one of whom had surgery shortly prior to the molestation, but did not physical harm the victims, in the aggregate, justifies one enhanced sentence. We therefore revise Sanchez's sentence to the advisory term of thirty years for the two counts of molestation of V1 and to the enhanced term of forty years for the one count of molestation of V2 and order that the sentences be served concurrently.

**Conclusion**

We affirm Sanchez's convictions and remand his sentence to the trial court with instructions to issue an amended sentencing order in accordance with this opinion, without a hearing.

Shepard, C.J., and Sullivan, and Rucker, JJ., concur.
Dickson, J., dissents with separate opinion.

4

**Dickson, Justice, dissenting.**

I respectfully dissent, believing that the trial court's sentencing determination should not be revised on appeal in this case.

The appellate authority to review and revise criminal sentences provided in Article 7, Section 4 of the Indiana Constitution is merely a permissive option. It is implemented by Indiana Appellate Rule 7(B), which "places central focus on the role of the trial judge, while reserving for the appellate court the chance to review the matter in a climate more distant from local clamor." Serino v. State, 798 N.E.2d 852, 856–57 (Ind. 2003). But in light of an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases.

The appellate revision of criminal sentences, except in such rare cases, may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained sentencing decisions are best made by a trial judge with the gravity that results from knowing that the judge's decisions are essentially final.

I am not convinced that this case is sufficiently rare or exceptional to warrant appellate intrusion into the trial court's sentencing decision.