**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JOHN PINNOW**
Special Assistant to the State Public Defender
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED
Jan 26 2012, 9:24 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STACEY SILLS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 90A02-1107-CR-615 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WELLS CIRCUIT COURT
The Honorable James A. Heimann, Judge
Cause No. 90C01-0905-FC-11
Cause No. 90C01-1001-FA-1

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Stacey Sills appeals from his sentence after pleading guilty to two counts of Child Molesting[1], each as a class C felony, and one count of Child Exploitation[2] as a class C felony, charged under two different cause numbers, FC-11 and FA-1. Sills presents the following issue for our review: Is Sills' sentence inappropriate in light of the nature of the offense and the character of the offender?

We affirm.

Between December 1, 2002 and December 30, 2003, Sills, who was at that time a man in his thirties, fondled a ten-year old boy, T.E. T.E. stated that on two separate occasions, he awoke to find Sills fondling T.E.'s penis inside his clothing, with the intent to arouse him or Sills. At the time of the molestations, Sills was T.E.'s mother's boyfriend, and they all lived together.

On May 15 and 16, 2009, thirteen-year-old J.P. was staying overnight at Sills' house. On two separate occasions Sills fondled J.P.'s penis inside his clothing. Another boy who was there at the time observed Sills take a photograph of J.P.'s uncovered penis. Sills took the photograph with the intent to arouse his sexual desires. J.P. also told law enforcement officers that Sills had offered him alcohol and cigarettes.

Law enforcement officers who seized Sills' computer hard drives found 581 photographs, with a majority of the photographs depicting the genitalia of nude boys and girls. Other photographs were suggestive images of children ranging in age from two months

[1] Ind. Code Ann. § 35-42-4-3 (West, Westlaw current through 2011 1st Reg. Sess.).
[2] Ind. Code Ann. § 35-42-4-4 (West, Westlaw current through 2011 1st Reg. Sess.).

old to teenage boys and girls.

The State charged Sills in FC-11 with two counts of child molesting and one count of child exploitation. In FA-1, the State charged Sills with one count of child molesting as a class A felony and two counts of child molesting each as a class C felony. In FC-11, Sills agreed to plead guilty to one count of child molesting as a class C felony and one count of child exploitation as a class C felony in exchange for the dismissal of the remaining count. In FA-1, pursuant to what was described as a charge bargain, Sills agreed to plead guilty to one count of child molesting as a class C felony in exchange for the dismissal of two counts of child molesting, one of which was charged as a class A felony.

In a consolidated sentencing hearing, the trial court sentenced Sills to two concurrent terms of four years executed in FC-11. In FA-1, the trial court sentenced Sills to a term of four years executed to be served consecutively to the sentence in FC-11. In sum, Sills was sentenced to an aggregate sentence of eight years executed in the Department of Correction. Sills now appeals.

Sills claims that his aggregate sentence of eight years executed is inappropriate in light of the nature of the offense and the character of the offender. We have the constitutional authority to revise a sentence if, after careful consideration of the trial court's decision, we conclude the sentence is inappropriate in light of the nature of the offense and character of the offender. *See* Ind. Appellate Rule 7(B); *Anglemyer v. State,* 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218. Even if a trial court follows the appropriate procedure in arriving at its sentence, we maintain the constitutional power to revise a sentence we find inappropriate. *Hope v. State,* 834 N.E.2d 713 (Ind. Ct. App. 2005). Although we are not

3

required under App. R. 7(B) to be "extremely" deferential to a trial court's sentencing decision, we recognize the unique perspective a trial court brings to such determinations. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). On appeal, Sills bears the burden of persuading us that his sentence is inappropriate. *Rutherford v. State,* 866 N.E.2d 867.

With respect to both the nature of the offense and the character of the offender, we observe that Sills, who was forty-four years old at the time of sentencing, had committed his crimes of child molestation and child exploitation over a lengthy period of time. Sills molested T.E. in 2002 and 2003, and molested J.P. in 2009. T.E. stated that even eight years after the crimes were committed against him, the impact of the molestation harmed his ability to trust family and friends. There were two separate victims involved, justifying the trial court's imposition of consecutive sentences. *See Sanchez v. State*, 938 N.E.2d 720 (Ind. 2010) (multiple victims justify imposition of enhanced and consecutive sentences).

To the extent Sills asserts that his guilty plea should have been accorded more mitigating weight, we note that Sills received a significant benefit by pleading guilty in FA-1, i.e., the dismissal of an additional class C felony charge and one class A felony charge. In FC-11, his decision to plead guilty was more likely a pragmatic decision than anything else as his decision was made seven days prior to his scheduled trial.

Furthermore, the trial court noted that Sills had little criminal history. That said, Sills' molestation of T.E. went unreported for years until J.P. reported being molested, exploited, and offered alcohol and cigarettes. Investigation by law enforcement officers after J.P.'s report of molestation, uncovered hundreds of photographic images of nude children of

4

varying ages on Sills's computer. The inference is strong that Sills was not leading a law-abiding life. Rather, his criminal activity had merely not yet been reported or discovered.

At sentencing, the trial court expressed hesitation about accepting the recommendation of the probation officer and the State, finding that Sills' offenses likely warranted a greater sentence. Nonetheless, Sills received the benefit of concurrent sentences of four years, the advisory sentence for each class C felony, with respect to his crimes against T.E., and the advisory sentence of four years with respect to his crime involving J.P., for an aggregate sentence of eight years executed. We cannot conclude that Sills' sentence is inappropriate in light of the nature of the offense and the character of the offender.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.