**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MARCE GONZALEZ, JR.**
Dyer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DINO D. HICKMON, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1305-CR-167 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Thomas P. Stefaniak, Jr., Judge
Cause No. 45G04-1207-FA-20

**November 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Dino Demetric Hickmon, Sr., appeals his aggregate twenty-year sentence for two Class B felony incest convictions involving his biological daughters. We affirm.

## ISSUE

The sole issue presented for our review is whether Hickmon's sentence is inappropriate.

## FACTS AND PROCEDURAL HISTORY

S.H. and K.S. are two of Hickmon's biological daughters. S.H. was born in March 1998, and K.S. was born in June 2000.

On July 26, 2012, the State had originally charged Hickmon with three counts of Class A felony child molesting and three counts of Class B felony incest. The two counts of Class A felony child molesting and the two counts of Class B felony incest alleged acts committed against S.H. sometime between 2004 and 2005, when S.H. was six or seven years of age, and then again in 2011, when she was thirteen years of age. The other counts of Class A felony child molesting and Class B felony incest alleged acts committed against K.S. sometime between 2004 and 2005, when K.S. was three, four, or five years of age.

On March 7, 2013, just four days before trial, Hickmon pleaded guilty to two counts of Class B felony incest pursuant to a plea agreement in which the State agreed to dismiss the remaining charges and agreed to concurrent sentences; however, both parties were free to argue as to the length of the sentences. The plea agreement incorporated a

2

stipulated factual basis, which stated that S.H. and K.S. were Hickmon's own biological daughters and provided their birthdates. It also provided the following facts:

> 4. That between March 8, 2004, and June 15, 2005, the Defendant pulled down his pants and had [K.S.] perform oral sex on him.
>
> . . . .
>
> 7. That between May 31, 2011, and July 1, 2011, the Defendant placed his finger inside the vagina of [S.H.].

Appellant's App. p. 41. The trial court accepted the plea and entered judgments of conviction.

At his sentencing hearing about a month later, Hickmon claimed he was innocent. When the trial court asked why he would have lied during the guilty plea hearing, Hickmon gave several reasons, ranging from a claim that he did not have a proper attorney, to a claim that he wanted to be a "living sacrifice for [his] children for them to be innocent," to a claim that he was "just ready to get on and get it over with." Tr. pp. 30, 32. The trial court had a discussion on the record with Hickmon, defense counsel, and the State, and both parties declined to file any motions to withdraw the plea agreement. The court did not find Hickmon's claim of innocence to be credible and proceeded to sentencing.

As a mitigating factor, the trial court noted Hickmon's guilty plea and acceptance of responsibility; however, it placed little weight on this mitigator in light of Hickmon's newfound claim of innocence. As for aggravators, the court identified: (1) his criminal history, which included five felonies for bank fraud, theft, and forgery; (2) his need for correctional and rehabilitative treatment best provided by commitment to a penal facility; and (3) that prior leniency had not deterred his criminal behavior (he had previously

3

violated his probation by committing several new crimes). Finding that each aggravator taken individually outweighed the single mitigator and that all the aggravators taken collectively substantially outweighed the single mitigator, the court sentenced Hickmon to twenty years on each Class B felony, to be served concurrently in accordance with the plea agreement. Hickmon now appeals.

DISCUSSION AND DECISION

Hickmon contends that his sentence is inappropriate. Although the trial court may have acted within its lawful discretion in imposing Hickmon's sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *Reid v. State*, 876 N.E.2d 1114, 1116 (Ind. 2007) (citing *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007)). The defendant has the burden of persuading us that his sentence is inappropriate. *Id.*

We first look to the statutory sentencing range established for the class of the offenses. Hickmon pleaded guilty to two Class B felonies. The statutory sentencing range for a Class B felony is between six and twenty years, with the advisory sentence

4

being ten years. Ind. Code § 35-50-2-5 (2005).[1] Hickmon was sentenced to concurrent twenty-year terms.

We next look to the nature of the offenses and Hickmon's character. As to the nature of the offenses, Hickmon forced two of his own biological daughters to engage in deviate sexual conduct. He forced K.S. to perform oral sex on him, and he inserted his finger into S.H.'s vagina.

Hickmon's core claim regarding the nature of the offenses appears to be that the sparse facts provided in the stipulated factual basis warrant no more than advisory terms of ten years. However, Hickmon may not merely tell us what sentence he believes to be appropriate; his burden is to show us why the sentence imposed is inappropriate. *See Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012).

He has failed to sustain that burden here, as the stipulated factual basis, while sparse, reveals several undisputed aggravating factors about the nature of the offenses. First, Hickmon victimized his own biological daughters when S.H. was only thirteen years old and K.S. was just three, four, or five years old. Their young ages made them particularly vulnerable, and it is undeniable that K.S. was well below the "less than sixteen (16) years of age" element enhancing the crime of incest from a Class C to a Class B felony. Ind. Code § 35-46-1-3(a) (1994). Second, although the crime of incest requires a familial relationship, *see id.* (biological relationship as parent, child, grandparent, grandchild, sibling, aunt, uncle, niece, or nephew), not every crime of incest

---

[1] We acknowledge that the version of the statute applicable to a portion of the time period of the offense relating to K.S. provided a presumptive rather than an advisory sentencing scheme. *See* Ind. Code § 35-50-2-5 (1977). There is no claim that the change from the presumptive to the advisory sentencing scheme affects our analysis here.

involves a violation of the type of trust such as that held by Hickmon as the biological father of his victims. Third, each of Hickmon's crimes was committed against a separate victim. This fact alone could justify consecutive sentences had Hickmon's plea agreement not required concurrent sentencing. *See Sanchez v. State*, 938 N.E.2d 720, 723 (Ind. 2010) (acknowledging that multiple victims generally justify imposition of enhanced and consecutive sentences). Hickmon's callous actions in taking advantage of his young daughters do not warrant any revision to his sentence.

As to his character, Hickmon's criminal record includes five felony convictions. In 1996, he committed bank fraud. Upon conviction, he was sentenced to executed time in federal prison, given five years of supervised release, and ordered to pay over $31,000 in restitution. In 1998, a probation violation was filed for failing to submit monthly reports, failing to give notification of his change of address, and failing to make payments toward restitution. In 1999, a supplemental probation violation was filed for committing felony theft. He was ultimately convicted of that theft offense and was sentenced to three years in work release. In addition to the bank fraud and theft convictions, Hickmon has three felony forgery convictions. Hickmon's status as a five-time convicted felon shows a continuous pattern of dishonest criminal conduct.

Hickmon nonetheless argues that he does not have a history of sexual predatory offenses. It is true that Hickmon has no prior convictions for a sex offense. However, neither does this case involve a single episode of sexual abuse. Rather, he pleaded guilty to two distinct offenses with separate victims that occurred several years apart. These

crimes show an apparent need for immediate gratification at the expense of others, an inability to conform to the rules of society, dishonesty, and an overall poor character.

We acknowledge, as did the trial court, that Hickmon pleaded guilty in this case. Nevertheless, he did not do so until four days before trial. He also gained substantial benefits from his plea: (1) the trial court was forbidden from imposing consecutive sentences, and (2) the State dismissed three Class A felony child molesting charges and the remaining Class B felony incest charge. Given that the original charges alleged three Class A felonies and three Class B felonies and were not crimes of a single criminal episode, Hickmon faced possible consecutive sentences had he been convicted at trial. The plea agreement substantially reduced his penal exposure.

Finally, Hickmon cites cases in which child molesting sentences were revised downward. He further notes that maximum sentences should be reserved for the worst offenses and offenders. Herein, the potential maximum sentence, though, had the plea agreement not mandated concurrent sentences, was forty years. Stated differently, the longest sentence the trial court could have imposed upon Hickmon was only half the sentence generally reserved for the worst offenses and offenders. The facts in evidence reveal that Hickmon is not ready to accept responsibility for his antisocial behavior.

In any event, in *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*, this Court, in commenting upon the argument that maximum sentences should be reserved for the worst offenses and offenders, concluded: "We should concentrate less on comparing the facts of this case to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is

7

being sentenced, and what it reveals about the defendant's character." The same approach applies here. Whether we conclude that a sentence is inappropriate "turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

Hickmon's convictions arose out of separate incidents spanning a number of years in which he engaged in deviate sexual conduct with two of his biological daughters. He forced his three-, four-, or five-year-old daughter K.S. to perform oral sex on him, and, several years later, he inserted his finger into thirteen-year-old S.H.'s vagina. He pleaded guilty to the offenses just a few days before trial but then claimed a month later at his sentencing hearing that he did not commit the offenses. The trial court determined that his claim of innocence was not credible. Hickmon has five prior felony convictions, and prior leniency has failed to deter his criminal behavior. For his crimes, the court imposed an aggregate sentence of twenty years. Given the nature of the offenses and his character, this is far from inappropriate.

## CONCLUSION

We therefore affirm Hickmon's sentence.

Affirmed.

RILEY, J., and PYLE, J., concur.