Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Nov 12 2014, 10:11 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ERIC A. TURNER, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 02A04-1404-CR-161 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
The Honorable Samuel R. Keirns, Magistrate
Cause No. 02D05-1311-FB-212

**November 12, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Eric A. Turner pled guilty to three counts of class B felony robbery and was sentenced to three consecutive ten-year sentences, with six years executed and four years suspended on each count. On appeal, Turner contends that his thirty-year sentence, with eighteen years executed, is inappropriate in light of the nature of his offenses and his character. Concluding that Turner has failed to carry his burden to persuade us that his sentence is inappropriate, we affirm.

**Facts and Procedural History**

On October 30, 2013, B.D., B.N., and G.C. were walking down the street in Fort Wayne when a green minivan pulled up. Sixteen-year-old Turner exited the van. B.D., B.N., and G.C. all recognized Turner because they attended Northside High School with him and spoke with him on a regular basis. Turner approached the three boys and asked them if he could use one of their cell phones to make a call. B.N. gave Turner his cell phone. Turner then handed the cell phone to I.I., another Northside student who was sitting inside the van, and said, "Merry Christmas." Appellant's App. at 9. B.N. asked Turner to return the phone, and the two began to argue. I.I. then exited the van holding a silver revolver. I.I. pointed the gun at B.N. and told him to empty his pockets. B.N. gave Turner and I.I. a Nike bag, which contained $10 and a house key. I.I. also ordered B.D. and G.C. to hand over their cell phones and empty their pockets. B.D. gave Turner and I.I. his cell phone.

Turner and I.I. took the items and got back into the van. Turner and I.I. began to drive away, but quickly stopped in an alley. I.I. exited the van, holding the silver revolver, and

2

ordered G.C. to empty his pockets. G.C. gave I.I. his Apple iPod device valued at $340. Turner and I.I. then fled the scene in the van.

The State charged Turner as an adult with three counts of class B felony robbery. A jury trial was scheduled for February 25, 2014. However, on February 24, 2014, Turner pled guilty without a plea agreement. The trial court held a sentencing hearing on March 14, 2014. The court sentenced Turner to consecutive ten-year sentences, with four years suspended and two years of probation on each count, for a total executed sentence of eighteen years.

## Discussion and Decision

Turner invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). "The question under 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

3

Turner pled guilty to three counts of class B felony robbery with a deadly weapon. The advisory sentence for a class B felony is ten years with a sentencing range between six and twenty years. Ind. Code § 35-50-2-5. Turner received the advisory sentence on each count, with the minimum mandatory sentence ordered executed. *See* Ind. Code § 35-50-2-2(b)(4)(I) (providing that for the offense of robbery with a deadly weapon, "the court may suspend only that part of the sentence that is in excess of the minimum sentence."). Therefore, his only true complaint on appeal is the trial court's imposition of consecutive sentences.

As to the nature of the offenses and his character, we agree with Turner that there is nothing particularly egregious about these robberies or his character. We would also be remiss not to acknowledge that Turner's young age is unfortunate. However, the fact remains that, while wielding a deadly weapon, Turner and his cohort robbed three separate victims of their property. Imposition of consecutive sentences is often appropriate in cases involving multiple victims. *Sanchez v. State*, 938 N.E.2d 720, 723 (Ind. 2010). Indeed, consecutive sentences "seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person." *Serino v. State*, 798 N.E.2d 852, 857 (Ind. 2003). Moreover, as noted by the trial court, the record indicates that Turner was not merely a follower in committing these crimes. Rather, this sixteen-year-old was the leader, initiating the crimes and taking advantage of the fact that he knew the victims. Under the circumstances, Turner has not persuaded us that the imposition of consecutive advisory sentences—with only the mandatory minimum term ordered executed—was inappropriate.

4

The principal role of appellate review of sentences is to "leaven the outliers," and not to impose a different result that we perceive to be more correct. *Cardwell*, 895 N.E.2d at 1225. Turner's sentence is not an outlier. We decline Turner's invitation for sentence revision and affirm the sentence imposed by the trial court.

Affirmed.

MATHIAS, J., concurs.

RILEY, J., dissents with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

ERIC A. TURNER,                  )

           )

    Appellant-Defendant,     )

           )

        vs.          )     No. 02A04-1404-CR-161

           )

STATE OF INDIANA,        )

           )

    Appellee-Plaintiff.      )

**RILEY, Judge, dissenting**

I respectfully disagree with the majority's decision to affirm the trial court's imposition of an aggregate thirty year sentence. While I agree that "there is nothing particularly egregious about these robberies," there is more to Turner's character than expressed by the majority's opinion. *See* Slip Op. p. 4.

Turner is a sixteen-year-old young man, who has no prior history and has never been in trouble with the law before. Turner pled guilty to the charges without the benefit of a plea agreement, accepted responsibility for his actions, and expressed genuine remorse during the sentencing hearing. The year prior to his crime had been tumultuous to say the least. Turner had changed schools and fallen in with a rough crowd; he became a "little rougher." (Transcript p. 10). He "was just tryin' to fit in, be something [he] wasn't." (Tr. p. 14). His grandfather and only sister, both to whom he was close, had recently passed away. Turner's sister suffered from asthma and on the day of her death,

6

she experienced an extreme asthma attack. Turner was asked to get her EpiPen; however, before he managed to return with the medicine, his sister had died. The day of the robbery coincided with his sister's birthday.

Turner has a strong support system, ankered by a loving and supporting family. While the family acknowledges that Turner committed a wrong, they do not justify his actions but instead attempt to surround him with a network to overcome his problems and to succeed in life. Both parents have made sacrifices to move into a better neighborhood, and have adjusted their employment schedules to accommodate Turner and his sentence. They have provided him with educational opportunities to remain on track to graduate and to become a contributing citizen of his community.

While I do not condone Turner's violation of the law, I am concerned about the effect that a lengthy thirty-year sentence may have on a sixteen-year-old. His imprisonment will house him with older, hardened criminals and without a reasonable light at the end of the tunnel, Turner might be less susceptible to redemption. Our supreme court has previously acknowledged that "a defendant's youth . . . is a significant mitigating circumstance in some circumstances[.]" *See Trowbridge v. State*, 717 N.E.2d 138, 150 (Ind. 1999). I believe it is here.

In light of the nature of the offense and Turner's character, I cannot conclude that his transgression necessarily "demonstrates a character of such depravity" that it justifies a thirty-year sentence. *Hollin v. State*, 877 N.E.2d 462, 465-66 (Ind. 2007). I would revise his

sentence to the advisory term of ten years on each Count, with the minimum mandatory term

of six years executed and four years suspended, and with all Counts to run concurrent.