# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2015, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Marce Gonzalez, Jr.
Dyer, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Jesse Jesus Pineda, Sr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 10, 2015

Court of Appeals Cause No.
45A03-1409-CR-340

Appeal from the Lake Superior Court
Cause No. 45G01-1212-FA-27

The Honorable Salvador Vasquez, Judge

---

**Barnes, Judge.**

# Case Summary

[1] Jesse Jesus Pineda, Sr., appeals his aggregate fifteen-year sentence for two counts of Class C felony child molesting. We affirm.

# Issue

[2] The sole issue before us is whether Pineda's sentence is inappropriate.

# Facts

[3] Pineda is the grandfather of sisters A.P. and D.P. Pineda and his wife, the children's grandmother, frequently cared for the children. Between October 2000 and October 2004, Pineda would have A.P. sit on his lap and he would then place his hand on her vagina. During this time period, A.P. was between five and eight years old. A.P. did not tell anyone about the molestation at that time. Later, between October 2010 and October 2012, Pineda engaged in the same activity with D.P., when she was between three and five years old. The molestation of D.P. was discovered when she developed a rash on her vagina that was diagnosed as herpes. Pineda also has herpes.[1] After the molestation of D.P. was discovered, A.P. revealed her molestation as well.

[4] The State charged Pineda with one count of Class A felony child molestation and two counts of Class C felony child molestation. Pineda agreed to plead guilty to two counts of Class C felony child molestation, and the State

---

[1] There is no evidence that A.P. contracted herpes.

dismissed the Class A felony count. At sentencing, Pineda's son testified that Pineda also had fondled him when he was six or seven years old. A.P. testified as to the emotional harm Pineda had caused her, and a letter was submitted from D.P., then seven, stating that Pineda had "hurt me bad and again." Sentencing Tr. p. 13. At the conclusion of the sentencing hearing, when given an opportunity to make a statement, Pineda only said, "mostly these are a bunch of lies. It never happened. There was no truth, your Honor—well, I pled guilty already, so I can't say much." *Id.* at 30.

[5] In sentencing Pineda, the trial court noted his guilty plea as mitigating but gave it little weight because of the dismissal of the Class A felony charge. As aggravating, the trial court found that Pineda committed multiple acts against multiple victims, that he was "dishonest and manipulative," that he violated a position of trust, that both A.P. and D.P. were substantially younger than the minimum age needed to support the convictions, and that both he and D.P. now have herpes. App. p. 58. The trial court imposed executed sentences of eight and seven years on each count, to be served consecutively for a total term of fifteen years. Pineda now appeals.

## Analysis

[6] Pineda contends that his sentence is inappropriate under Indiana Appellate Rule 7(B) in light of the nature of the offenses and his character. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also

understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[7] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[8] Regarding the nature of the offenses, Pineda repeatedly fondled both A.P. and D.P. over a several year period with respect to each child. This was not an isolated mistake or one-time incident. *Cf. Phelps v. State*, 914 N.E.2d 283, 293-94 (Ind. Ct. App. 2009) (reducing sentences for vicarious sexual gratification with minors based in part on fact that multiple acts occurred during one evening). In doing so, he abused his position of trust as a grandfather and

frequent caretaker. There was clear evidence that he infected D.P. with Herpes, an ailment that will affect her for the rest of her life. *Cf. Sanchez v. State*, 938 N.E.2d 720, 723 (Ind. 2010) (reducing child molestation sentences for two victims in part because defendant "did not physical [sic] harm the victims").

[9] As for Pineda's character, he points to his lack of a significant prior criminal history.[2] However, Pineda's lack of significant prior convictions does not mean he was an entirely law-abiding citizen. He molested both A.P. and D.P. over a number of years of his life. Additionally, Pineda's son testified under oath at the sentencing hearing regarding acts Pineda perpetrated when the son was six or seven years old. Under the circumstances, Pineda's lack of significant prior convictions is not an indication that he lived a crime-free life.

[10] We also acknowledge that Pineda pled guilty. As noted by the trial court, however, Pineda already received a significant benefit from that plea by avoiding prosecution for a Class A felony charge. Additionally, the plea does not seem to demonstrate a full acceptance of responsibility by Pineda. At the sentencing hearing, when given an opportunity to make a statement, Pineda expressed no remorse whatsoever. Rather, he took that opportunity to accuse those who had testified against him at the hearing of lying.

---

[2] The only apparent conviction in Pineda's past is a 1976 misdemeanor for possessing a gun without a permit.

Finally, we note Pineda's claim that he has limited mental capacity, as indicated by his enrollment in special education classes while in school. However, Pineda fails to direct us to any evidence that his purported mental difficulties had any relation to his molestations of A.P. and D.P. In sum, we see nothing in Pineda's character that warrants revision of his sentence in light of the egregiousness of the offenses.

## Conclusion

Pineda's fifteen-year sentence for two counts of Class C felony child molesting is not inappropriate. We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.

.