## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 25 2016, 7:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William Alan Seydel, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 25, 2016 <br><br> Court of Appeals Case No. 45A03-1512-CR-2129 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. 45G01-1405-FA-14 |

**Crone, Judge.**

# Case Summary

William Alan Seydel appeals the twenty-nine-year sentence imposed by the trial court following his guilty plea to one count of class B felony aggravated battery and two counts of class C felony attempted battery by means of a deadly weapon. He argues that his sentence is inappropriate in light of the nature of his offenses and his character. Concluding that he has not met his burden to show that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On May 1, 2014, Dquan Robinson was driving in the area of Mississippi Street and the Comfort Inn in Hobart. He felt as if the vehicle behind him was traveling too closely, so he pulled his vehicle over to allow that vehicle, which was being driven by Seydel, to pass him. Seydel pulled his vehicle alongside Robinson's and pointed a .40 caliber semi-automatic handgun at him and shot him in the head. The record indicates that Robinson and Seydel had never met and did not know each other.

When law enforcement officers, in marked police vehicles and uniforms, responded to the shooting and encountered Seydel, Seydel fired his handgun at Hobart Police Department Officers Timothy Pochron, Ryan Walsh, and Kevin Garber, Jr. The officers repeatedly commanded Seydel to drop his weapon but Seydel refused to comply. Instead, Seydel replied, "I'm going to defend myself" and "F**k off." Appellant's App. at 46. Seydel threatened that if police "sent the K-9, the dog would be killed." *Id*. Officer Pochron observed

"muzzle flash after muzzle flash after muzzle flash" as Seydel continually fired at him. Tr. at 32. Seydel was eventually taken into custody and a subsequent blood draw revealed that his blood alcohol content was 210 mg/dl (0.21 %). Seydel admits that he is an alcoholic and a drug abuser.

[4] The State charged Seydel with class A felony attempted murder, class B felony aggravated battery, two counts of class C felony battery (one count of battery by means of a deadly weapon and one count of battery resulting in serious bodily injury), three counts of class C felony attempted battery by means of a deadly weapon, and two counts of class D felony resisting law enforcement. Seydel and the State subsequently entered into a plea agreement in which Seydel agreed to plead guilty to class B felony aggravated battery and two counts of class C felony attempted battery, in exchange for dismissal of the remaining charges. A sentencing hearing was held on October 2, 1015. The trial court sentenced Seydel to consecutive terms of sixteen years for class B felony aggravated battery, six years for one count of class C felony attempted battery, and seven years for the other count of class C felony attempted battery, for a total executed sentence of twenty-nine years. This appeal ensued.

## Discussion and Decision

[5] Seydel invites this Court to reduce his twenty-nine-year sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this

Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). We recognize that the "principal role of appellate review should be to attempt to leaven the outliers and to identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Id*. at 1225. Indeed, "[t]he question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate: rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[6] Regarding the nature of the offenses, the advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). Seydel pled guilty to one class B felony and two class C felonies. The sentencing range for a class B felony is between six and twenty years, with an advisory sentence of ten years. Ind. Code § 35-50-2-5. The sentencing range for a class C felony is between two and eight years, with an advisory sentence of four years. Ind. Code § 35-50-2-6. Seydel received a sixteen-year sentence for his class B felony and six and seven

years respectively for his class C felonies. The trial court enhanced each of Seydel's sentences above the advisory, and we think justifiably so.[1]

[7] As for his class B felony offense, we must acknowledge, as did the trial court, that Seydel received a great benefit from being permitted to plead guilty to the aggravated battery of Robinson and have the attempted murder charge dismissed when the facts clearly would have supported the greater offense. Additionally, the facts here are distinctly more heinous than a typical aggravated battery offense. The trial court emphasized that Robinson was simply "minding his own business" when Seydel pursued him in his vehicle and then shot him in the head "for no reason whatsoever." Tr. at 64. A bullet fragment remains lodged in Robinson's brain. Robinson described the chronic pain and anxiety he suffers as a result of Seydel's crime, as well as the destructive effect the whole experience has had on his personal life. *Id*, at 22. Seydel's unprovoked crime did not simply inflict serious injuries upon Robinson, it inflicted life-altering injuries. The advisory sentence would have been too lenient in light of these circumstances.

[8] As for his two convictions for class C felony attempted battery by means of a deadly weapon, the trial court specifically noted that enhancement of those sentences beyond the advisory was appropriate because Seydel's victims were

---

[1] Seydel does not specifically challenge the trial court's imposition of consecutive sentences. Moreover, "appellate review should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell*, 895 N.E.2d at 1225.

law enforcement officers.  Officer Pochron testified at length during the sentencing hearing about the lasting negative impact Seydel's frightening behavior has had on him and his family.  Seydel was sentenced to six years for firing his weapon at Officer Pochron and seven years for firing his weapon at Officers Garber and Walsh.  We defer to the trial court's judgment that enhanced sentences on each of these counts, especially when three separate victims were involved, was warranted.[2] *See Sanchez v. State*, 938 N.E.2d 720, 723 (Ind. 2010) (acknowledging generally that multiple victims justify the imposition of enhanced and consecutive sentences).  Seydel has not demonstrated that the trial court imposed an inappropriate sentence based upon the nature of his offenses.

[9]     When Seydel's character is considered, he does not fare much better.  Although remote and insubstantial, Seydel does have a criminal history which involved a prior conviction for misdemeanor operating a vehicle while intoxicated.  The current crimes also involved Seydel's intoxication, however the results were much more horrific as he shot a stranger in the head and fired upon others without regard to the dangerousness of this behavior.  The record indicates that fifty-four-year-old Seydel has been an alcoholic since the age of twelve and consistently abused marijuana and cocaine.  He has also abused Vicodin and

---

[2] The trial court expressed "dissatisfaction" with the fact that the offenses against Officers Garber and Walsh "are both combined in one count because I truly believe that these counts ought to be separated."  Tr. at 67.

Percocet for the last seventeen years. This long and consistent history of drug and alcohol abuse does not reflect favorably upon Seydel's character.

[10] Moreover, although Seydel did plead guilty to his offenses, which generally reflects positively on a defendant's character, the record reflects that his decision was likely a pragmatic one and not a true expression of remorse. Indeed, the trial court specifically found Seydel's claims of remorse to be manipulative and dishonest. A trial court is in the best position to gauge the sincerity of a defendant's remorse, similar to other determinations of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). We perceive no basis for sentence revision based upon Seydel's character.

[11] In sum, Seydel has not shown that his twenty-nine-year sentence is inappropriate in light of the nature of his offenses or his character. The sentence imposed by the trial court is affirmed.

[12] Affirmed.

Najam, J. and Robb, J., concur.