## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 14 2020, 9:24 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erica D. Hemmingway, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | July 14, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-1204 <br><br> Appeal from the <br> Washington Circuit Court <br><br> The Honorable <br> Larry W. Medlock, Judge <br><br> Trial Court Cause No. <br> 88C01-1708-FA-535 |

**Vaidik, Judge.**

# Case Summary

[1] Erica D. Hemmingway appeals her sentence of thirty-eight years with three years suspended to probation for molesting her five-year-old son, arguing it is inappropriate. We affirm.

# Facts and Procedural History

[2] During the summer of 2007, twenty-three-year-old Hemmingway lived with her five-year-old son, C.C.; her one-year-old daughter; and her then-husband. Also during this summer, Hemmingway used meth and marijuana.

[3] One day that summer, while her husband was at work, Hemmingway smoked marijuana and felt a "sex urge." Appellant's App. Vol. II p. 112. As her daughter slept, Hemmingway told C.C. to walk over to her. She pulled down her pants and told C.C. to place his foot on her genitals. She then "inserted [C.C.'s] foot inside her vagina" and moved "up and down" on C.C.'s inserted foot "until she had an orgasm." *Id.* at 112-13. Hemmingway thought that if she did this with her young son, then "nobody would know about it." *Id.* at 112.

[4] For ten years, the offense went unreported. But in June 2017, fifteen-year-old C.C. was at a juvenile residential facility when he disclosed to an employee what his mother did to him when he was five years old. The police interviewed Hemmingway, and she admitted it.

[5] The State charged Hemmingway with Class A felony child molesting and Class B felony incest. While she was incarcerated, Hemmingway wrote a letter to the

trial court alleging that C.C. had lied when he disclosed what happened to him and that she had lied when she admitted to police she did it. However, Hemmingway later pled guilty to Class A felony child molesting in exchange for the dismissal of the incest charge and a sentence cap of forty years.

[6] At the sentencing hearing, evidence was presented that although Hemmingway did not have an adult criminal history, she had a juvenile adjudication in 2000 (when she was sixteen years old) for what would be Class C felony child molesting if committed by an adult. According to the PSI, Hemmingway, "on different occasions," took her five-year-old nephew's "hands, feet and penis and had him put them in her vagina. She also licked his penis." Appellant's App. Vol. II p. 85. Hemmingway was placed on probation and underwent counseling.

[7] In addition, Hemmingway admitted that she lied when she wrote the letter to the trial court. The court found three aggravators: (1) Hemmingway did not lead a law-abiding life for a substantial period before this offense, as she used marijuana and meth[1]; (2) C.C. was less than twelve years old—"[a] mere child"—at the time of the offense; and (3) Hemmingway was in a position of trust with C.C. *Id.* at 126; Tr. p. 37. The court found two mitigators:

---

[1] The trial court listed this as an aggravator in its written order; however, based on the court's oral sentencing statement, it appears the court was explaining why it wasn't finding it as a mitigator as opposed to finding it as an aggravator. Defense counsel argued that one mitigator was that Hemmingway did not "have any adult convictions and has led a substantially law abiding life." Tr. p. 29. In rejecting this mitigator, the trial court stated, "I will acknowledge that you have no recorded adult criminal history. But on the other hand, that doesn't mean that you've led a law abiding life. You . . . acknowledged that you've used meth, marijuana and particularly the meth." *Id.* at 36. Regardless, our inappropriate-sentence analysis is not affected.

Hemmingway accepted responsibility and was remorseful. Finding that the aggravators outweighed the mitigators, the court sentenced Hemmingway to thirty-eight years, with thirty-five years to serve and three years suspended to probation.

Hemmingway now appeals her sentence.

# Discussion and Decision

Hemmingway contends that her sentence of thirty-eight years with three years suspended to probation is inappropriate and asks us to revise it under Indiana Appellate Rule 7(B) to thirty years, with twenty years to serve and ten years suspended to probation. Appellate Rule 7(B) provides that an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008)). Because we generally defer to the judgment of trial courts in sentencing matters, defendants must persuade us that their sentences are inappropriate. *Schaaf v. State*, 54 N.E.3d 1041, 1044-45 (Ind. Ct. App. 2016).

A person who commits a Class A felony shall be imprisoned for a fixed term of between twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4(a). Hemmingway's plea agreement called for a sentencing cap of forty years, and the trial court sentenced her to an above-advisory term of thirty-eight years with three years suspended to probation.

As for the nature of the offense, Hemmingway claims that "on the spectrum of child molesting as an A felony, [her] act falls into the least offensive." Appellant's Br. p. 12. Without deciding where Hemmingway's offense falls on the child-molesting spectrum, we find that the facts of this case are disturbing. Hemmingway molested her five-year-old son by inserting his foot in her vagina to satisfy her sexual urge. *See Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011) (noting that "[t]he younger the victim, the more culpable the defendant's conduct" and that "[a] harsher sentence is . . . more appropriate when the defendant has violated a position of trust that arises from a particularly close relationship between the defendant and the victim, such as a parent-child . . . relationship").

Even if the offense by itself does not justify an above-advisory sentence, the offense **and** Hemmingway's character do. Although this is Hemmingway's first adult conviction, when she was sixteen years old she had her five-year-old nephew put his hands, feet, and penis in her vagina. Despite counseling, Hemmingway—seven years later and high on marijuana—molested her five-year-old son in a similar manner. In addition, although Hemmingway admitted

to police she molested her son, she later wrote a letter to the trial court accusing her son of lying about it.

[13] Hemmingway directs us to three child-molesting cases where our appellate courts revised the defendants' sentences. *See Hamilton*, 955 N.E.2d 723; *Sanchez v. State*, 938 N.E.2d 720 (Ind. 2010); *Mishler v. State*, 894 N.E.2d 1095 (Ind. Ct. App. 2008). However, these cases are distinguishable and do not support reducing Hemmingway's thirty-eight-year sentence.

[14] In *Hamilton*, the trial court sentenced the defendant to the maximum term of fifty years for one count of Class A felony child molesting for forcing his nine-year-old step-granddaughter to perform oral sex on him. On appeal, our Supreme Court revised the defendant's sentence to thirty-five years because (1) the defendant wasn't in a parent or stepparent relationship with the victim, (2) the victim, although young, was not of "tender years"; and (3) although the defendant had two convictions, they were "far removed in time from his current offense and unrelated to sexual misconduct in general." *Hamilton*, 955 N.E.2d at 728. Here, the trial court sentenced Hemmingway to thirty-eight years, not the maximum term. In addition, Hemmingway molested her own son, who was just five years old, and engaged in a similar sex act with her five-year-old nephew seven years before this offense.

[15] In *Sanchez*, the trial court sentenced the defendant to eighty years for three counts of Class A felony child molesting (forty years for each count, with two of the counts running consecutively) for digitally penetrating his two

stepdaughters. 938 N.E.2d at 721. Our Supreme Court found that although the record "warrant[ed] imposing enhanced sentences," it did not "support[] imposing consecutive sentences" in part because the defendant had an unrelated criminal history consisting of driving offenses. *Id.* at 722, 723. The Court revised the defendant's sentence to thirty years for two of the counts and forty years for the third count, to be served concurrently, for an aggregate term of forty years. *Sanchez* does not support Hemmingway's claim that her thirty-eight-year sentence should be revised given that she engaged in a similar sex act with her five-year-old nephew seven years before this offense.

[16]     Finally, in *Mishler*, the trial court sentenced the defendant to concurrent terms of fifty years for two counts of Class A felony child molesting for digitally penetrating and performing oral sex on his fiancée's daughter when she was in second and fourth grade. This Court revised the defendant's sentence to thirty-eight years, which is the same sentence that Hemmingway received. Even though the defendant molested the victim twice, *Mishler* doesn't support reducing Hemmingway's thirty-eight-year sentence given she molested her own son when he was just five years old. Hemmingway has failed to convince us that her thirty-eight-year sentence, which is two years below the cap she agreed to, is inappropriate and should be revised.[2]

---

[2] Hemmingway takes issue with two of the aggravators: (1) she did not lead a law-abiding life for a substantial period of time before this offense due to her marijuana and meth use and (2) C.C. was less than twelve years old at the time of the offense. However, a trial court's finding of aggravators and mitigators is

[17]   Affirmed.

May, J., and Robb, J., concur.

---

reviewed only for an abuse of discretion, *see Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007), and Hemmingway has not made an abuse-of-discretion argument. The State argues that Hemmingway waived this issue. *See* Appellee's Br. p. 14. Hemmingway filed a reply brief but did not respond to the State's waiver argument. Accordingly, we will not review the propriety of those aggravators.