## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2016, 8:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larry Fulbright,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 23, 2016

Court of Appeals Case No.
49A02-1407-CR-449

Appeal from the Marion Superior Court

The Honorable Lisa Borges, Judge

Trial Court Cause No.
49G04-1106-FA-4640

**Vaidik, Chief Judge.**

# Case Summary

On his twenty-seventh birthday, Larry Fulbright, high on heroin, put his penis in his three-year-old niece's mouth while his four-year-old nephew looked on. He pled guilty to Class A felony child molesting and Class D felony conducting a performance harmful to minors and was sentenced to an aggregate term of thirty years. Fulbright appeals, arguing that his advisory sentence for child-molesting is inappropriate in light of the nature of the offense and his character. Because he has failed to persuade us that his sentence is inappropriate, we affirm.

# Facts and Procedural History

In June 2011, Fulbright was living with his brother, K.F., who had two children, a three-year-old girl, Ky.F., and a four-year-old boy, Ko.F. On June 29, K.F. sent the children into Fulbright's room to pick up their toys while he went into the bathroom. Fulbright, who was high on heroin at the time, followed the children into his room, pulled down his shorts, and put his penis in Ky.F.'s mouth while Ko.F. watched. When K.F. came out of the bathroom, he found Fulbright sitting on the bed with his shorts around his ankles. The children immediately told their father what Fulbright had done.

K.F. reported the molesting to the Indianapolis Metropolitan Police Department. During a brief investigation, Fulbright admitted putting his penis in his three-year-old niece's mouth. The State charged him with Class A felony child molesting and Class D felony conducting a performance harmful to

minors. He pled guilty to both counts without a plea agreement, and the trial court held a sentencing hearing.

[4] At the sentencing hearing, Fulbright's history of autism and drug abuse was presented. Fulbright was diagnosed with autism when he was in the first grade and placed in special-education classes. He also developed a significant drug habit while in school and, at the time of these crimes, was using up to two grams of heroin a day as well as regularly using marijuana. Despite his autism and addictions, Fulbright graduated from high school with a 3.5 grade point average and held a job that paid $800 per week.

[5] At the conclusion of the sentencing hearing, the court found the following mitigating factors: Fulbright had no criminal history; he accepted responsibility by pleading guilty; and he expressed remorse. And the court found multiple aggravating factors: the victims were under twelve years old; the effect on the victims was lasting and profound; Fulbright was in a position of trust with the victims; and he was using two grams of heroin a day. The court sentenced Fulbright to concurrent terms of thirty years for child molesting and 910 days for conducting a performance harmful to minors.

[6] Fulbright now appeals his sentence.

## Discussion and Decision

[7] Fulbright contends that his thirty-year sentence for child molesting is inappropriate and asks us to revise it to twenty years.[1] Appellant's Br. p. 13-14. Indiana Appellate Rule 7(B) provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). On appeal, the "defendant must persuade the appellate court that his or her sentence has met the inappropriateness standard of review." *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014).

[8] In evaluating "the nature of the offense, the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). Here, the trial court sentenced Fulbright to the advisory term of thirty years for Class A felony child molesting. *See* Ind. Code § 35-50-2-4. As Fulbright concedes, the nature of his offense is "serious." Appellant's Br. p. 9. He "put his penis in his [three]-year[-]old niece's mouth while his [four]-year[-]old nephew watched." *Id.* In addition, Fulbright violated a position of trust.

[9] Nevertheless, Fulbright argues that his sentence should be reduced below the advisory term because this was an isolated incident and he did not physically

---

[1] Fulbright does not argue that his 910-day sentence for the Class D felony is inappropriate.

injure his niece or nephew. Fulbright relies on *Sanchez v. State*, 938 N.E.2d 720 (Ind. 2010), for support. In *Sanchez*, the Indiana Supreme Court concluded that Sanchez's sentence, which included enhanced and consecutive terms, was inappropriate because he did not use force or physically injure the victims, and the incidents were isolated, rather than repeated, behavior. Unlike Sanchez, Fulbright was sentenced to the advisory term. Notably, our Supreme Court did not revise Sanchez's sentence for any count to below the advisory term. Therefore, we are not persuaded that the lack of physical injury or the fact that this appears to be an isolated incident make the advisory term inappropriate in this case. The nature of the offense supports Fulbright's sentence.

[10] Turning to character, we examine "the offender's life and conduct." *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Fulbright argues that he should be given a lesser sentence because he accepted responsibility for what he did and expressed remorse, he has no criminal history, and he is autistic. While we agree that Fulbright accepted responsibility and expressed remorse for his actions, we also note that there were witnesses to the molesting. Moreover, even though this is his first conviction, Fulbright admitted to using illegal drugs daily.

[11] As to Fulbright's argument that his autism makes his sentence inappropriate, there are several considerations that bear on the weight, if any, which should be given to mental disorders in sentencing: (1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental disorder; and

(4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Id.* at 1223 (citing *Krempetz v. State*, 872 N.E.2d 605, 615 (Ind. 2007)). We note that autism has not prevented Fulbright from carrying out other basic obligations—he graduated from high school and held a well-paying job for five years. Fulbright himself acknowledges that his autism "does not excuse his criminal conduct." Appellant's Br. p. 13. The record indicates that Fulbright was capable of controlling his behavior and he did not have significant limitations on his functioning, and he has not presented evidence of a nexus between his autism and child molesting. Therefore, we accord Fulbright's condition little weight in our analysis of his character.

[12] Fulbright has not persuaded us that his child-molesting sentence is inappropriate in light of the nature of the offense or his character, and thus we decline to revise it under Indiana Appellate Rule 7(B).

[13] Affirmed.

Barnes, J., and Mathias, J., concur.